IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN R. DALEY, JR.,<br>a/k/a John Pickering-George, | :<br>:<br>: |
| Petitioner, | :<br>: |
| v. | : Civ. No. 10-313-LPS |
| | : |
| COURT REPORTER RECORDS, COLM F.<br>CONNOLLY, and NATIONAL ARCHIVES AND<br>RECORDS ADMIN OFFICE OF REGIONAL<br>RECORDS SERVICE MID ATLANTIC REGION<br>PHILADELPHIA NARA, | :<br>:<br>:<br>:<br>: |
| Respondents. | : |

John R. Daley, Jr., Bronx, New York, Pro Se Plaintiff.

## MEMORANDUM OPINION

May 26, 2011
Wilmington, Delaware

*[signature]*
**STARK, U.S. District Judge:**

I. **INTRODUCTION**

Plaintiff John R. Daley, Jr. ("Daley") of Bronx, New York, filed this writ of mandamus on April 15, 2010. (D.I. 1) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 12) The Court proceeds to review and screen the case pursuant to 28 U.S.C. § 1915.

II. **BACKGROUND**

Daley was a defendant in a criminal action filed in this Court, *United States v. Richards*, Crim. No. 91-73-2-JJF. Apparently, during the criminal proceeding, mention was made of currency seized from Daley in Texas. (D.I. 1 at 2) Daley seeks production of original records, transcripts, and receipts for inspection from the Administrative Office of the United States Courts ("the AO") and the National Archives and Records Administration ("National Archives"), pursuant to the Federal Rules of Criminal Procedure and the Freedom of Information Act. It appears that Daley believes the documents consist of exculpatory material.

The named defendants are Court Reporter Records, former United States Attorney Colm F. Connolly, and the National Archives. Daley seeks $25,000 payment from the AO and the National Archives should the records not be produced within sixty days.

Daley filed a similar lawsuit in *Daley v. United States District Court District of Delaware*, Civ. No. 09-218-JJF. Therein, Daley sought the return of $300,000 allegedly seized by agents at an airport in Houston, Texas. Daley asked this court to "set aside the forfeiture declaration and order [the DEA] either to return the property . . . or commence judicial forfeiture" proceedings." Daley sought discovery and *in camera* inspection of documents related

1

to the seizure and named as defendants the Delaware District Court, the Texas District Court, and unspecified United States Attorneys Offices. This Court dismissed the case and, on appeal, the United States Court of Appeals for the Third Circuit concluded that Daley's claims were time-barred, noting that the original seizure of the property occurred in 1991. *See Daley v. United States District Ct.*, 383 F. App'x 178 (3d Cir. June 7, 2010).

### III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Daley proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

"A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F.Supp. 986 (D. Del.,1995), *aff'd*, 111 F.3d 125 (3d Cir. 1997). A

2

court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. *See Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995).

Other circuits have described more objective instances of malicious claims. For example, a complaint is malicious when it "duplicates allegations of another . . . federal lawsuit by the same plaintiff." *Pittman v. Moore,* 980 F.2d 994, 995 (5th Cir. 1993). Also, a district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *See Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *See id.* at 1309; *Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie,* 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (stating duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.,* 2003 WL 21355439, at *2 (N.D. Tx. June 6, 2003) (complaint is malicious when it duplicates allegations of another pending federal lawsuit by the same plaintiff or raises claims arising out of common nucleus of operative facts that could have been brought in the prior litigation).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Daley leave to amend his

3

complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Daley has a "plausible claim for relief." *Id.* at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

After reviewing this Complaint and other cases filed by Daley, the Court concludes the Complaint is a malicious filing. As discussed, the Complaint duplicates many of the allegations of Civ. No. 09-218-JJF. Indeed, it realleges a previously litigated issue seeking discovery, changing only the legal theory, which is now to assert a claim under the Freedom of Information Action, 5 U.S.C. § 552. No facts are provided as to how, when, or where Daley allegedly sought discovery from the named defendants.

In addition, Daley's claims do not entitle him to mandamus relief. To be eligible for mandamus relief under 28 U.S.C. § 1361, Daley must satisfy three conditions. First, as the party seeking issuance of a writ, Daley must demonstrate that he has "no other adequate means to attain the relief he desires." *Cheney v. United States Dist. Court*, 542 U.S. 367, 380 (2004). Next, Daley must carry the burden of showing that "his right to the issuance of the writ is clear and indisputable." *Id.* at 381. Finally, "the issuing court . . . must be satisfied that the writ is appropriate under the circumstances." *Id.* The Complaint's allegations do not support any of the conditions required for mandamus relief. Therefore, the Court finds that Daley has failed to demonstrate his entitlement to a writ of mandamus.

Accordingly, the Court will dismiss the Complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B). An appropriate Order follows.